```
1  Thomas P. Brown IV      State Bar No. 97315
   tbrown@browngitt.com
2  Sherry B. Shavit        State Bar No. 193222
   sshavit@browngitt.com
3  BROWN GITT LAW GROUP, LLP
   300 North Lake Avenue, Suite 200
4  Pasadena, California  91101
   Telephone: 626.229.1919
5  Facsimile: 626.229.1917

6  Attorneys for Defendant
   SECURITAS SECURITY SERVICES USA,
7  INC.
```




FILED

MAY 1 1 2010

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
        DEPUTY CLERK

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN GOODWIN; WILLIAM WOLFF; CHRISTOPHER COFFELT; RANDALL DER; DONNA FORMAN; individually and on behalf of all others similarly situated and the general public,<br><br>Plaintiffs,<br><br>v.<br><br>SECURITAS SECURITY SERVICES USA, INC.; and DOES 1 through 50,<br><br>Defendants. | CASE NO. 2: 09-CV-02685-GEB-DAD<br><br>**AMENDED JOINT CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER** |

In order to resolve certain discovery issues, Plaintiffs Stephen Goodwin, William Wolff, Christopher Cofelt, Randall Der and Donna Forman and Defendant Securitas Security Services USA, Inc. (hereinafter, the "Parties"), through their respective counsel of record, agree to and ask the Court to enter this Joint Confidentiality Stipulation and Protective Order. This Stipulation and Protective Order shall govern the use and disclosure of all Confidential Information, as defined below, produced by or on behalf of any party or furnished by any person associated with any party in any deposition, interrogatory, request for admission, document production or any other discovery proceeding or pleading in this action.

1. **Confidential Information**. As used herein, "Confidential Information" includes, but is not limited to any documents and information contained in documents or any other materials, which comprise or reflect trade secrets, proprietary, confidential business information of any party, non-public financial information of any party, any party's employee personnel records, other sensitive or private information of any party, or information obtained from the federal government and/or other third parties pursuant to a nondisclosure agreement or other Confidentiality Order. The entry of this Order shall not obligate a party to produce such information without the third party's express consent or other information which that party may have a duty to or has an interest in protecting from unrestricted disclosure.

2. **Designation of Confidential Information**. Any party may designate as "Confidential" any documents or other materials that the designating party and its counsel reasonably believe contain or reflect Confidential Information. The designation of documents or other materials shall be made by written notice in the documents or materials designated, or by providing a separate written notice to counsel for the opposing party. The designation of portions of testimony as "Confidential" shall be made on the record and/or promptly after receipt of a transcript thereof by the designating party.

Within ten days of the entry of this Order, any party may serve a notice of designation of "Confidential" with respect to any materials produced or filed prior to the entry of this Order.

3. **Use and Access of Confidential Information.** Except upon further order of the Court or by express written consent of counsel of record, any Confidential Information furnished in this action by any of the parties or individuals referred to in Paragraph 1 herein shall be used by the receiving party solely for purposes of prosecuting or defending this action, shall not be publicized, and shall not be disclosed to any persons (including the parties) other than:

(a.) the Court, Court personnel, and trier of fact in this matter, as well as any appellate court reviewing this matter;

(b.) attorneys for the parties who have entered an appearance in this proceeding and to other attorneys, paralegals, law clerks, and clerical staff working with those attorneys who have entered an appearance (including Securitas' in-house counsel);

(c.) any court reporter, typist or videographer, recording or transcribing testimony in this action or percipient witness during the course of giving testimony in this action;

(d.) designated expert witnesses or consultants retained or employed by any party for the purpose of this action provided that said expert witnesses or consultants have executed a certificate in the form attached as Exhibit A; and

(e.) any other persons who are specifically designated by consent of the attorneys of record or by order of the Court, provided such other persons have executed a certificate in the form attached as Exhibit A.

4. **Safeguarding Confidential Information**. The recipient of any Confidential Information that is provided pursuant to this Order shall maintain such information in a secure and safe area and shall exercise due and proper care with respect to its storage, custody and use.

5. **Final Disposition**. At the conclusion of this action, including any appeals, all Confidential Information furnished pursuant to the terms of this Stipulation and Order, any notes reflecting that Information, and all copies thereof, which are not in the custody of the Court, shall be returned to the party furnishing that Confidential Information or shall be destroyed (and certified by affidavit as having been destroyed) by the party in possession thereof, provided that counsel for the parties may retain attorney work product materials.

6. **Challenging Confidential Designation**. If a party disagrees with the

designation of any particular document designated as "Confidential," the parties shall attempt to resolve the dispute by agreement. If they cannot resolve the dispute, then the party who disagrees with the "Confidential" designation may file a motion to have the designation modified or removed. Until a motion is filed and resolved by the Court, all materials designated "Confidential" shall be treated as prescribed in this Order.

7. **<u>Modification of Order</u>**. Nothing in this Order shall preclude any party from applying to the Court for an appropriate modification of this Order, provided that before such application, the parties shall make a good faith effort to resolve the matter by agreement. Furthermore, the parties can agree, without Court approval, on the exclusion of particular information, documents or answers from the scope of this Order. The parties reserve all rights to apply to the Court for an order (i) modifying this Order; (ii) seeking further protection against discovery or other use of Confidential Information or documents, transcripts, or other materials reflecting Confidential Information; (iii) seeking further production, discovery, disclosure or use of claimed Confidential Information and/or documents, transcripts, or other materials reflecting Confidential Information; or (iv) moving the Court to seal certain Confidential Information or other portions of the record in accordance with FRCP 26(c)(7).

8. **<u>Inadvertent Failure to Designate as Confidential</u>**. Inadvertent failure to designate documents or information as "Confidential" at the time of production or disclosure shall not constitute a waiver of any party's right to later designate them "Confidential." Once a belated designation has been made, the relevant documents shall be treated as confidential in accordance with this Stipulation and Protective Order.

9. **<u>Continuing Jurisdiction of the Court</u>**. This Stipulation shall remain in full force and effect after the termination of this lawsuit and the Court shall retain jurisdiction over the parties, their attorneys, and all other persons to whom

- 4 -

1 | Confidential Information has been disclosed for the purpose of enforcing the terms
2 | of this Order and/or redressing any violations thereof.

Dated: May 10, 2010     MASTAGNI, HOLSTEDT, AMICK,
                        MILLER & JOHNSEN


                        By:    /s/Isaac S. Stevens
                               DAVID P. MASTAGNI
                               DAVID E. MASTAGNI
                               JAMES B. CARR
                               ISAAC S. STEVENS
                               DAVID D. KING
                               Attorneys for Plaintiffs
                               STEPHEN GOODWIN; WILLIAM
                               WOLFF; CHRISTOPHER
                               COFFELT; RANDALL DER;
                               DONNA FORMAN


Dated: May 10, 2010     BROWN GITT LAW GROUP, LLP


                        By:    /s/ Sherry B. Shavit
                               THOMAS P. BROWN IV
                               SHERRY B. SHAVIT
                               Attorneys for Defendant
                               SECURITAS SECURITY
                               SERVICES USA, INC.

## ORDER

Having reviewed the parties' Joint Confidentiality Stipulation and Proposed Protective Order, and good cause having been shown, the Protective Order is approved, and IT IS SO ORDERED.

DATED: May 10, 2010.

                                                DALE A. DROZD
                                                UNITED STATES MAGISTRATE JUDGE

Ddad1/orders.civil/goodwin2685.stip.protord

AMENDED JOINT CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

# **EXHIBIT "A"**

## UNDERTAKING

The undersigned has read the annexed Joint Confidentiality Stipulation and Protective Order, understands its contents, and hereby undertakes to make no disclosures of any Confidential Information, as that term is defined in the annexed Protective Order, to any person who is not permitted to have access to such Confidential Information by the Protective Order. In addition, the undersigned agrees not to use such Confidential Information for any purpose whatsoever other than in connection with this action. The undersigned agrees either to return all Confidential Information supplied by any party, directly or indirectly, and all copies thereof and all notes or other transcriptions made therefrom, to the party producing the Confidential Information, or to destroy all copies of all Confidential Information, including any notes or other transcriptions made therefrom, within thirty (30) days of the conclusion of this action and any appeals thereof. The undersigned understands that a violation of this undertaking could be punishable as a contempt of Court.

DATE:_____     NAME:_____
                                                          (print or type)

                                                 SIGNATURE:_____